

**FILED**

SEP 24 2021 CM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

JORGE ALEJANDRO ROJAS,

*Plaintiff,*

vs.

CONTINENTAL PROPERTIES COMPANY,
INC.,

*Defendant.*

1:21-cv-05061
Judge Charles R. Norgle, Sr.
Magistrate Judge M. David Weisman
RANDOM

**COMPLAINT FOR DAMAGES**

**JURY TRIAL REQUESTED**

Plaintiff, Jorge Alejandro Rojas, ("Plaintiff") brings this action against Defendant Continental Properties Company, Inc. ("Defendant"), and alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and its implementing regulations, 47 C.F.R § 64.1200.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant as it regularly and systemically conduct business in the state of Illinois. Specifically, Continental Properties has numerous properties in the state. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

1

4.  Venue is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and received the texts at issue in this action in this District.

## PARTIES

5.  Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

6.  Defendant Continental Properties Company, Inc. is a Wisconsin Domestic Business, with its principal office located at W134N8675 Executive Pkwy Menomonee Falls , WI 53051-3310.

7.  Defendant is a person as defined by 47 U.S.C. § 153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

9.  At all times relevant hereto, Plaintiff maintained and used a cell phone, with phone number (424) XXX-1582.

10. Plaintiff is the account holder and the customary user of the (424) XXX-1582 phone number.

11. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

12. Plaintiff registered his cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

13. Defendant is a company that has numerous rental properties in the state of Illinois.

14. Defendant telemarketing efforts include the use of automated pre-scripted message texts.

15. Defendant engages in telemarketing in order to solicit business for its rental properties.

16. Defendant, or an agent for Defendant, has sent Plaintiff a series of text messages without prior express written consent.

17. Defendant's texts to Plaintiff utilized an automatically generated and/or pre-scripted text.

18. Plaintiff maintained a lease with Defendant's Springs at Orchard Road property in North Aurora, IL, from approximately September 2018 to September 2020.

19. Plaintiff's prior business relationship with Defendant terminated upon him moving out on or about September 2020.

20. Plaintiff, upon moving out of the Springs at Orchard road property in September 2020, has been attempting to obtain his final refund check, which he did not get.

21. After contacting Defendant numerous times in order to get the check, on or about August 10, 2021, Plaintiff contacted Defendant's Springs at Orchard Road office in order to reach someone to inquire as to the status of the check.

22. During the automated voice prompts, Plaintiff selected the number to reach the leasing office.

23. After pressing the number to reach the leasing office, the voice machine stated that no one was available, and that someone would get back to Plaintiff shortly.

24. At no time during the August 10, 2021 phone call, was prior consent to text provided.

25. After hanging up with the voice machine on August 10, 2021, Plaintiff received a text from Defendant, at 11:03 am from phone number 331-425-6902. **Exhibit 2.**

26. The 11:03 am text from Defendant stated "Hey there! Sorry I missed your call. I am available via text. Which unit for Springs at Orchard Road are you interested in? We have a 1BR and a 2BR. https://www.springsapartments.com/apartments/il/north-aurora/springs-at-orchard-road/."

27. The next day, at 11:05am on August 11, 2021, Plaintiff received an additional text from Defendant, stating "Hi there, just following up on Springs at Orchard Road (1801 Oak St) to see if you're still interested. Are you interested in a 1BR or 2BR?." **Exhibit 2.**

28. Defendant did not have any consent to text Plaintiff.

29. Defendant is not an organization exempt from the TCPA.

30. Defendants' texts to Plaintiff were a "telephone solicitation" as defined by the TCPA.

31. Defendants' texts to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

32. The impersonal and generic nature of Defendant's texts, and the nearly exactly twenty four hour delay between the text demonstrate that Defendant utilized a pre scripted system in making the texts.

33. Even assuming that Plaintiff had an established business relationship at the time of the texts, the prior business relationship did not allow Defendant to text Plaintiff.

34. The FCC's 2015 Ruling on Petitions discusses a scenario where these texts would be permissible, specifically: "[W]e find that a one-time text sent in response to a consumer's request for information does not violate the TCPA or the Commission's rules so long as it: (1) is requested by the consumer; (2) is a one-time only message sent immediately in response to a specific consumer request; and (3) contains only the information requested by the consumer with no other marketing or advertising information. We emphasize that this ruling applies only when the on-demand text message has been expressly requested by the consumer in the first instance." at 56. 80 FR 61129

35. The texts made by Defendant were not requested by the consumer, were not one time in nature, and did not contain only the information requested by Plaintiff.

36. Defendant's texts to Plaintiffs were automated in nature.

37. Plaintiff attempted to resolve this issue outside of litigation with Defendant, via written correspondence.

38. Defendant stated Plaintiff has no cause of action.

39. Plaintiff alleges Defendant texted Plaintiff in violation of the TCPA at least twice in the past twelve calendar months.

40. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

41. Defendant has a pattern and/or practice of failing to comply with the TCPA.

42. The foregoing acts and omissions were in violation of the TCPA.

43. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

44. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every text message sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

45. The acts and omissions of Defendant constitutes knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. Plaintiff is also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

47. Plaintiff is also entitled to an award of costs.

48. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

49. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

50. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

51. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT 1.
### INITIATING A TELEPHONE SOLICITATION TO A TELEPHONE SUBSCRIBER WHO HAS REGISTERED HIS NUMBER ON THE DO-NOT-CALL LIST AT LEAST 31 DAYS PRIOR TO THE TELEPHONE CALL. 47 C.F.R. § 64.1200(c)(2) & 47 U.S.C. § 227(c)(5)(B)

52. Plaintiff incorporates the foregoing paragraphs as through the same were set forth herein.

53. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

54. Defendant texted Plaintiff's telephone at least two times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

55. Defendants' texts to Plaintiff were made in violation of the do not call registry regulations.

56. The TCPA's implementing regulations prohibit the initiation of any telephone solicitation to a subscriber who has registered their phone number on the federal do not call registry,

unless it has the "subscriber's prior express invitation or permission," which is "a signed, written agreement between the consumer and the seller." 47 C.F.R. § 64.1200(c)(2)(ii).

57. The TCPA requires the prior express written consent of consumers prior to receiving text messages.

58. Defendant does not qualify for any of the affirmative defenses specified in the TCPA or its implementing regulations.

59. Plaintiff was statutorily damaged under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the telephone calls.

60. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $1,500 plus costs per text and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $3,000 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per text for each and every violation of 47 U.S.C. § 227(c)(5)(B);

C. Treble damages of $1,500.00 per text for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C).

D.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred

by Plaintiff;

E.  Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

F.  Any other relief this Court deems proper.

Respectfully submitted,

DATED: September 24, 2021

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

# EXHIBIT 1

6/30/2021                                                Gmail - National Do Not Call Registry - Your Registration Is Confirmed

 Gmail                                                                          Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>                                                      Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

*****************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

